NO. 07-10-0411-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 26, 2011
_____

NANCY LYNN TYREE,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 371st DISTRICT COURT OF TARRANT COUNTY;

NO. 1189902D; HON. MOLLEE WESTFALL, PRESIDING
_____

*On Abatement and Remand*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Nancy Lynn Tyree, appellant, appeals her conviction for the offense of possession of marijuana of 2,000 pounds or less but more than fifty pounds. Appellant timely perfected this appeal by filing a notice of appeal on September 10, 2010. The clerk's record was filed on December 27, 2010, and the reporter's record on January 24, 2011. Therefore, appellant's brief was due to be filed by February 23, 2011. No brief or extension motion was filed by that date. On March 4, 2011, the court sent a letter to counsel for appellant notifying her that the brief was overdue and that it or a response

was due on March 14, 2011.  On March 11, 2011, counsel for appellant filed a motion to extend time to file appellant's brief, which was granted to April 11, 2011.  On April 14, 2011, counsel for appellant filed a second extension motion, which was granted to May 11, 2011.  Rather than comply with that deadline, counsel not only allowed it to lapse but also filed a third belated motion requesting another extension which we received on May 24, 2011.  We are now told that an additional sixty to ninety days are needed because she is too busy to perform her duties as a legal advocate for her client within the timetable we specified.

Consequently, we abate the appeal and remand the cause to the 371st District Court of Tarrant County (trial court) for further proceedings.  Upon remand, the trial court shall undertake those proceedings necessary to determine 1) whether appellant desires to prosecute the appeal, 2) whether appellant is indigent and entitled to appointed counsel, and 3) whether appellant's current attorney was appointed to represent appellant on appeal.  Should the answers to those questions be in the affirmative, then the trial court shall remove appellant's current legal counsel and appoint another to zealously represent appellant.  When new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing new counsel.  If any of the answers to the foregoing issues are "no," the trial court shall so specify in a separate order to be forwarded to this court.  Finally, we respectfully direct the trial court to perform the directives in this order by June 24, 2011.  Should further time be needed to do so, then it must be requested before June 24, 2011.

We understand that circumstances sometimes prevent individuals from performing their obligations within specified deadlines.  For this reason, many courts, including this one, readily extend those deadlines.  Experience has shown that some take advantage of that, though.  And, others have come to simply relegate their appellate duties to a lower priority on their ladder of tasks.  Yet, courts of all levels are entitled to respect, and little is as disrespectful as suggesting to one court (like counsel does at bar) that its business is not as important as another's.  If counsel has too many jobs to perform his or her obligations in a timely manner, then he or she would best serve his or her clients (and the court) by relinquishing some of those jobs to others.  We no longer want to be told that "I am too busy with other stuff to do what you want."

Per Curiam

Publish.